UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEGRO VENTURES, INC, <br><br>  Plaintiff, <br><br> v. <br><br> MICHAEL W. ALMQUIST, <br><br>  Defendant. <br> _____ <br> AND RELATED COUNTERCLAIM. <br> _____ | Case No. 11-cv-2009-L(WVG) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO REALIGN PARTIES FOR TRIAL [DOC. 49]** |

On August 31, 2011, Plaintiff Allegro Ventures, Inc. filed its complaint against Defendant Michael W. Almquist, seeking declaratory relief under general maritime law. Defendant subsequently filed a counterclaim with his answer. This admiralty action arises out of a dispute concerning whether Defendant was employed as a seaman in service of Plaintiff's vessel when he suffered from a seizure that eventually led to the discovery of a malignant brain tumor. Now pending before the Court is Defendant's motion to realign parties for trial. Plaintiff opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendant's motion. (Doc. 49.)

//

## I. ANALYSIS

There is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (internal quotation marks omitted). "[A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam)) (internal quotation marks omitted).

The Supreme Court has also stated that it is the duty of federal courts to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). "Litigation is the pursuit of practical ends, not a game of chess." *Id.* "Whether the necessary 'collision of interest' exists, is therefore not to be determined by mechanical rules," but rather "[i]t must be ascertained from the 'principal purpose of the suit' and the 'primary controlling matter in dispute.'" *Id.* (internal quotation marks and citations omitted); *see also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). Ultimately though, the realignment of parties is within the discretion of the court. *See Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003) (Walker, J.).

In *Plumtree*, a patentee brought an action against an alleged infringer for patent infringement in another jurisdiction. *Plumtree*, 2003 WL 25841157, at *1. Thereafter, the alleged infringer filed a second action requesting declaratory judgment that it was not infringing; the patentee responded by filing a counterclaim for infringement. *Id.* at *3. Eventually, the first-filed action was dismissed for lack of jurisdiction, but the district court granted the patentee's motion to designate the patentee as the plaintiff in the second-filed action. The court observed that the patentee is "the party asserting the affirmative claim of infringement" and that

essentially, the alleged infringer's "declaratory action for noninfringement and invalidity is a defense to [the patentee's] infringement counterclaim." *Id.* As such, the court reasoned, the patentee's "affirmative position makes the position of plaintiff more appropriate for it," while the alleged infringer's "defensive position makes the position of defendant more appropriate." *Id.* The court also added that a further consideration that supports the patentee "as the natural plaintiff is the burden of proof" is that the patentee "also bears the affirmative burden of proof in the declaratory relief action for noninfringement." *Id.* at *4. In sum, the district court "adopted the common-sense rule that where a plaintiff seeks declaratory relief that it is *not liable* and the defendant counterclaims that plaintiff *is liable*, it is more logical to realign the parties so that the defendant becomes the plaintiff." *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, Nos. SACV 11-0313, SACV 11-1300, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011) (Carter, J.) (discussing *Plumtree*, 2003 WL 25841157, at *3-5).

Although the substantive claims here differ from those in *Plumtree*, the two cases have very similar circumstances. Here, Plaintiff asserts claims for declaratory relief seeking, among other things, judicial determinations that Defendant is not a seaman and that there is no connection between Defendant's melanoma and his services provided to the vessel. *Cf. Plumtree*, 2003 WL 25841157, at *3-5 (addressing similar circumstances but with different substantive counterclaims). Defendant responded by filing a counterclaim asserting a claim for maintenance and cure, and for the wilful and arbitrary failure to pay maintenance and cure. To summarize, Plaintiff seeks declaratory relief that it is *not liable* for Defendant's maintenance and cure, and Defendant counterclaims that Plaintiff *is liable* for Defendant's maintenance and cure. *See Kerr*, 2011 WL 4965111, at *3. These positions suggest that Defendant's affirmative positions make him more suitable to be in the plaintiff position, and Plaintiff's defensive positions make it more suitable to be in the defendant position. *See id.*

//
//
//
//

1       The burdens of proof also support realignment.  Defendant contends that in order to prove
his maintenance-and-cure claim, he must prove that: (1) he was a seaman; (2) he was injured or
became ill while in the service of the vessel, and (3) the amount of maintenance and cure to
which he was entitled. (Def.'s Mot. 4:8–21.)  Plaintiff responds that it is not merely seeking a
declaration of the parties' rights, but rather it is also pursuing its own substantive claims and
seeking damages for the money it paid on the basis of Defendant's false representations.  (Pl.'s
Opp'n 7:6–8:2.)  However, there are no false-representation claims asserted in the complaint, the
damages sought all are potential products of a declaration of rights in Plaintiff's favor, and
Plaintiff is not really affirmatively proving anything at trial.  Rather, Defendant's contention that
he bears the burden to affirmatively prove by the preponderance of the evidence that he was
indeed a seaman who became ill while in service of the vessel is persuasive.  Findings on the
aforementioned issues that Defendant needs to prove would also necessarily resolve Plaintiff's
claims for declaratory relief.

      Finally, returning to the guidance given by the Supreme Court in *City of Indianapolis*, the principal purpose of the suit and the primary controlling matter in dispute is Defendant's seaman and employment status for his maintenance-and-cure benefits.  *See City of Indianapolis*, 314 U.S. at 69.  Defendant provides compelling reasons supporting his motion for realignment, but Plaintiff fails to oppose the motion with any arguments that have merit—Plaintiff does not address the principal-purpose test, and its arguments that Defendant's motion is untimely and that realignment would prejudice Plaintiff lack merit.  Therefore, for the reasons discussed above and under the Court's inherent power to manage its own cases and courtroom, the Court finds it appropriate to realign the parties for trial.  *See City of Indianapolis*, 314 U.S. at 69; *W.R. Grace*, 526 F.3d at 509.

## II.    CONCLUSION & ORDER

      For the foregoing reasons, the Court exercises its discretion and **GRANTS** Defendant's motion to realign the parties.  (Doc. 49.)  From this point onward, Michael W. Almquist shall be designated as the plaintiff and counter-defendant, and Allegro Ventures, Inc. shall be designated

as the defendant and counter-claimant.

**IT IS SO ORDERED.**

DATED: July 24, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL